UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Hangzhou Kailai Neckwear Apparel Co. Ltd.,

    Plaintiff,

–v–

NCP Direct Sourcing, Inc., *et al.*,

    Defendants.

17-CV-8174 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court GRANTS the motion.

**I. Background**

Plaintiff Hangzhou Kailai Neckwear Apparel Co. Ltd. ("Plaintiff" or "Hangzhou") filed its Complaint against Defendants NCP Direct Sourcing, Inc. – New York, NCP Direct Sourcing, Inc. – New Jersey, and Thomas Paglia (collectively, the "Defendants") on October 23, 2017. Dkt. No. 1. On November 7, 2017, Plaintiff filed an affidavit of service showing that the Summons and Complaint were served upon NCP Direct Sourcing, Inc. by personally delivering the same on November 1, 2017 to Thomas Paglia, one of the Defendants, and, as alleged in the Complaint, the "sole director, officer, and shareholder" of NCP. Dkt. No. 10. Defendants never responded to the Complaint nor appeared in this action. Accordingly, on January 9, 2018, Plaintiff sought a Clerk's Certificate of Default, which it received on January 17, 2018. Dkt. Nos. 12-13. On February 9, 2018, Plaintiff then filed the instant motion for default judgment. In accordance with the Rule 3.L of the Court's Individual Practices in Civil Cases, the motion for default judgment and supporting paperwork were also served on the Defendants, and affidavits

1

of service filed. *See* Dkt. Nos. 21-23. Nonetheless, Defendants still have not appeared and the motion is deemed unopposed.

This action was filed to enforce a settlement agreement. In February 2015, Plaintiff brought an action against Defendants in this Court which was settled. *See* 15-CV-1441 (AJN), Dkt. No. 87. On April 14, 2017, Plaintiff and Defendants entered into a settlement agreement in which Defendants agreed to pay Plaintiff $1,000,000 to settle the dispute. *See* Complaint, Dkt. No. 1, ¶ 3 & Ex. 1. According to the terms of the Settlement Agreement (the "Agreement"), Defendants were required to make an initial payment of $35,000, followed by monthly payments of $16,083.33 starting in June 2017 and continuing until the full amount is paid. *Id.* ¶¶ 24-26. Defendants made an untimely payment of $35,000, but have not made any of the monthly payments due since. *Id.* ¶¶ 28-29. Plaintiff brings a claim for breach of contract based on the missed payments, as well as for attorney's fees. *Id.* ¶¶ 31-36.

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, is fairly rote; it simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court

2

decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Nonetheless, the district court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**III. Discussion**

Defendants have not participated in this litigation, despite service of the Complaint and service of the instant motion and its supporting papers. Accordingly, default judgment is proper if Plaintiff's allegations, taken as true, are sufficient to establish liability. *See Finkel v. Allstar Elec. Corp.*, No. 11-CV-3222 (KAM)(RER), 2013 WL 4806951, at *3 (E.D.N.Y. Sept. 9, 2013); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012) (the court must first determine whether the allegations in the complaint were sufficient pled to establish liability).

### A. Plaintiff Establishes a *Prima Facie* Case for Recovery

Under New York law, "an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (internal quotation marks omitted). Accepting Plaintiff's allegations as true, here there is a validly executed Agreement, with clear terms of payment, with which Defendants have failed to comply. Thus, Plaintiff states a valid claim for breach of contract.

Additionally, Paragraph 17 of the Agreement stipulates that if a party needs to take action to enforce the terms of the Agreement, "the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and expenses ... incurred in connection with any ...

3

litigation...." Complaint, Ex.1 ¶ 36. Accordingly, based on the plain language of the Agreement, Defendants also owe Plaintiff its reasonable attorneys' fees, costs, and expenses.

### B. Plaintiff Provides Sufficient Evidence of Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). Establishing the appropriate amount of damages involves "determining the proper rule for calculating damages on ... a claim" and "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* at 155. The Second Circuit has approved the holding of a damages inquest by affidavit, without a court hearing, as long as the Court has "ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

In a breach of contract case governed by New York law, damages "should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003). Had Defendants performed the contract, Plaintiff would be entitled to the total amount outlined by the Plaintiff in a supporting declaration. *See* Declaration of Chris Han, Dkt. No. 19, ¶¶ 22-24. The total – $144,749.97 – represents the amount due and owing as of February 9, 2018, the date the motion for default judgment was filed. However, Plaintiff is entitled to further damages in the amount of $16,083.33 per month, due on the first day of the month, until the date of entry of judgment. Accordingly, the correct damages amount now adds another five months'

4

default, or $80,416.65. The total amount is now $225,166.62. The calculation is well-supported and a hearing is unnecessary.

Additionally, counsel submitted an itemized and contemporaneously prepared bill showing 50.1 hours spent on this matter, billed at $200 per hour for an associate, and $300 per hour for a partner, for a total of $11,120 in attorneys' fees, and $679.66 in costs incurred. When the contract provides for an award of attorneys' fees to the prevailing party, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as the amounts are not unreasonable." *Diamond D Enters. USA Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (internal quotation marks omitted). The attorney's billing rates are reasonable. *see, e.g., Bank of Am., N.A. v. Brooklyn Carpet Exchange, Inc.*, No. 15-CV-5981 (LGS)(DF), 2016 WL 8674686, at *7-8 (S.D.N.Y. May 13, 2016) (approving rates over $300/hour in a breach of contract case and collecting other cases), *report and recommendation adopted by* 2016 WL 3566237 (June 27, 2016). The costs expended for filing, mailing, and service of process are also reasonable.

However, "[w]here the requested amount of fees is excessive because the number of stated hours is greater than that which should have been required for the work produced, the Court should reduce the stated hours accordingly." *See id.* at *8 (citing *Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002)). Given the nature (a simple breach of contract) and posture (default judgment without any appearance) of this case, the amount of time spent to litigate this case is higher than the amounts found in comparable actions. *Id.* at *10 (collecting cases in which 13-21 hours were billed). Accordingly, the Court exercises its discretion to reduce the attorneys' fees by 30%, for a total of $7,784. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)

5

(allowing a percentage deduction as a "practical means of trimming fat from a fee application" (internal quotation marks omitted)).

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for the entry of default judgment is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Plaintiff in the amount of $233,630.28, which represents $225,166.62 in outstanding payments under the Agreement, plus $7,784 in reasonable attorneys' fees and $679.66 in costs.

SO ORDERED.

Dated: July 25, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge